UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTERO HERNANDEZ, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-10-978 |
| | § | |
| TEXAS ZORRO'S, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Pending before the Court is the plaintiffs', Antero Hernandez, Eleodoro Pineda and Gertrudis Villatoro, motion for partial summary judgment (Docket Entry No. 23). The defendants, Texas Zorro's LLC, Pasadena Zorro's LLC,[1] Nabil Dimassi and Hassan El Hussieni, filed a response (Docket Entry No. 26), to which the plaintiffs replied (Docket Entry No. 31). After having carefully reviewed the motion, responses, the record and the applicable law, the Court denies the plaintiffs' motion.

**II.    Factual Background**

This case concerns an employment compensation dispute. Dimassi and El Hussieni were partners and owners of Zorro's, a buffet restaurant, and El Hussieni was the general manager. The defendants employed the plaintiffs at the restaurant, where Hernandez was a kitchen supervisor, and Pineda and Villatoro cleaned and prepared food. Hernandez worked at Zorro's at least from May 23, 2009 through January 1, 2010. During that time, Zorro's gross revenue exceeded $500,000. Zorro's paid Hernandez a semi-monthly salary of $900, or $415.38 per

---

[1] The defendants assert that the plaintiffs incorrectly name the defendant restaurant Pasadena Zorro's LLC as Texas Zorro's LLC. Regardless of its correct name, there is one restaurant at issue, and the Court will refer to it as "Zorro's."

week, to cover fifty-five to sixty hours of work per week, depending on the restaurant's business needs. Until July 24, 2009, federal minimum wage was $6.55 per hour, at which time it increased to $7.25 per hour. On March 24, 2010, the plaintiffs filed suit, alleging violations of the Fair Labor Standards Act ("FLSA").[2] The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### III. Contentions of the Parties

#### A. The Plaintiffs' Contentions

The plaintiffs contend that the defendants violated the FLSA by failing to pay them minimum wage and overtime compensation. The plaintiffs bring this action on behalf of themselves, and they purport to represent an uncertified class of similarly situated Zorro's employees.[3] The plaintiffs allege that the defendants cannot use the fluctuating work week model to justify Hernandez's salary, and that they have not proven their affirmative defense of good faith with respect to liquidated damages. While conceding that the amount of Hernandez's alleged damages remains disputed, they seek partial summary judgment for their assertions that: (1) the three named plaintiffs were employed by all three defendants; (2) Hernandez was employed at least from May 23, 2009 to January 1, 2010; (3) the defendants are an enterprise engaged in commerce within the meaning of the FLSA; (4) Hernandez was paid a semimonthly salary of $900 and did not receive overtime pay; (5) his salary was meant to cover a maximum of sixty hours per week prior to July 24, 2009; (6) his regular rate was at least $6.92 per hour prior to July 24, 2009; (7) his salary was meant to cover a maximum of 57.3 hours per week from July

---

[2] 29 U.S.C. §§ 201-219.

[3] The plaintiffs define this class as "[a]ll employees who were paid less than $455 in a week, who, in at least one workweek, worked more than 40 hours."

24, 2009 onwards; (8) his regular rate is at least $7.25 per hour from July 24, 2009 onwards; and (9) the defendants are not entitled to a good faith defense.

### B. The Defendants' Contentions

The defendants deny the plaintiffs' allegations, and in any event contend that they are entitled to the affirmative defense of good faith. They assert that Hernandez was a salaried employee earning the equivalent of $415.38 per week for a fluctuating work week. They maintain that rarely, if ever, did Hernandez work sixty hours in a given week, and that he was frequently late, and sometimes drunk or absent.

### IV. Standard of Review

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must

'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V.     Analysis and Discussion

The Court denies the plaintiffs' motion. Granting the plaintiff's motion would not entirely resolve any cause of action of any claimant, in whole or in part. Even if the Court were to grant any portion of the plaintiffs' summary judgment motion, the same information would be addressed at trial, as all of the plaintiffs' summary judgment claims are inextricably intertwined with their other claims that are not addressed in the present motion. Therefore, in the interest of judicial economy, the Court denies the plaintiffs' motion.

## VI.    Conclusion

Based on the foregoing discussion, the Court DENIES the plaintiffs' motion.

It is so **ORDERED**.

SIGNED at Houston, Texas this 16th day of August, 2011.

_____
Kenneth M. Hoyt
United States District Judge